IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher A. Woody, #309141, | C/A No. 2:23-cv-3201-SAL |
| Petitioner, | |
| v. | **ORDER** |
| Warden Kenneth Nelsen, | |
| Respondent. | |

Petitioner Christopher A. Woody, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 28 U.S.C. § 2254 for habeas relief. This matter is before the court on the Report and Recommendation (the "Report") of Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending dismissal of Petitioner's action without prejudice. [ECF No. 9.] For the reasons that follow, this court adopts the Report and summarily dismisses this action.

## BACKGROUND

As outlined in the Report, this is a successive § 2254 action. Petitioner was convicted of murder and other charges in 2005 in state court. He received a sentence of life without parole. He timely appealed and then sought post-conviction relief, but he was unsuccessful in state court. Then, in June 2015, Petitioner filed a § 2254 petition here. His petition was dismissed by this court, and the Fourth Circuit dismissed his subsequent appeal.

Since that time, Petitioner filed a successive PCR application in state court, which was denied as untimely. Petitioner's appeal to the state appellate court was dismissed in June 2023. Petitioner now attempts to bring a second § 2254 petition in this court. He requests the court

1

"vacate [his] sentence and conviction and demand[s] [his] immediate release." [ECF No. 1 at 13.] Petitioner grounds this petition on jury impropriety that resulted "in blatant violation of [his] right to a fair and impartial jury." *Id.* at 5. Petitioner also states this allegation was discovered in 2017, after his direct appeal. *Id.*

The magistrate judge recommends that Petitioner's § 2254 petition be dismissed without prejudice and without requiring the Respondent to file a return. [ECF No. 9.] Attached to the Report was a notice advising Petitioner that he had the right to file objections to the Report and that he had fourteen days to do so. *Id.* at 7. On June 18, 2024, the court received Petitioner's objections. [ECF No. 11.] This matter is ripe for this court's review.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record

2

in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION**

The relevant facts and standards of law on this matter are incorporated from the Report. As detailed there, Petitioner has filed a successive § 2254 petition but he has not obtained the required permission from the Fourth Circuit Court of Appeals to do so. [ECF No. 9 at 5.] As noted by the magistrate judge, the court has no jurisdiction to consider the merits of Petitioner's successive habeas corpus claims without the required authorization. *Id.; see Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that petitioner's failure to obtain authorization to file a successive petition deprived the district court of jurisdiction to consider the successive petition).

Petitioner objects to the Report. He reiterates his claims from the petition but also indicates he was unaware he needed authorization from the Fourth Circuit to file a successive petition. [ECF

No. 16 at 3–4.] Petitioner suggests he filed this petition based off an attorney's advice and alleges "[i]t is obvious that the attorney gave me the wrong and incorrect advice about filing another federal habeas corpus petition." *Id.* at 4. In his objections, Petitioner concedes this petition constitutes a successive petition and admits he has not obtained permission from the Fourth Circuit Court of Appeals to file this successive petition. *Id.* Additionally, Petitioner requests permission to petition to the Fourth Circuit Court of Appeals for authorization to file a successive petition and asks this court to send him the necessary forms. *Id.* At this point, because Petitioner has not received authorization to file a successive § 2254 petition, the court has no jurisdiction and must dismiss this case without prejudice. Accordingly, the court overrules Petitioner's objection and adopts the recommendation in the Report.

However, the court also grants Petitioner's request that the form for filing a successive petition be sent to him. The Clerk is directed to provide those forms along with this order.

4

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court **ADOPTS** the Report, ECF No. 9. For the reasons discussed above and in the Report, Petitioner's § 2254 petition is **DISMISSED without prejudice** and without requiring the Warden to respond. Along with this order, the Clerk's Office is directed to provide Petitioner with a copy of the Fourth Circuit's form for a Motion Under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. §§ 2254 or 2255.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

**IT IS SO ORDERED.**

October 23, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."